409 P.2d 388 .

**HOME ELECTRIC CORPORATION,**
Plaintiff and Respondent,

v.

George RUSSELL et ux., Defendants and Respondents.

George RUSSELL et ux., Third-Party Plaintiffs and Respondents,

v.

PACIFIC MUTUAL LIFE INSURANCE CO. et al., Third-Party Defendants and Appellants.

**KENNETH E. SMITH COMPANY,**
Plaintiff and Respondent,

v.

George R. RUSSELL et ux., Defendants and Respondents.

George R. RUSSELL et ux., Third-Party Plaintiffs and Respondents,

v.

PACIFIC MUTUAL LIFE INSURANCE CO. et al., Third-Party Defendants and Appellants.

Nos. 10382, 10383.

Supreme Court of Utah.

Jan. 3, 1965.

Horace J. Knowlton, Salt Lake City, for Home Electric Corporation.

Gustin, Richards & Mattsson, Frank J. Gustin, Salt Lake City, for George Russell et ux.

LeGrand P. Backman, Salt Lake City, for Pacific Mutual Life Insurance Co. et al.

Joseph S. Nelson, Salt Lake City, for Kenneth E. Smith Co.

HENRIOD, Chief Justice.

Appeal from a judgment holding Pacific Mutual Life primarily responsible for ma-terialmen's claims. Affirmed with costs to defendant Russell.

Russells planned on building a home, employed Deseret Construction as contractor, and sought out Pacific Mutual Life to finance the construction. The latter, on its own printed contract forms agreed to advance sums of money as the work progressed, the last item of which was to be $4,000 after the house was completed "and all bills for material and labor have been paid," all to be evidenced by a note secured by mortgage. Pacific Mutual did not disburse the amounts itself, but through a local abstract company that was delegated to make necessary payments to compensate those entitled by furnishing labor and materials, etc. Releases were contemplated upon payments to claimants. The abstract company, after the contractor, Deseret Construction, brought its personal checks made payable to materialmen and laborers, and represented that it would deliver the checks to the payees, did not withhold but gave the contractor the $4,000, before the bills were paid. The latter did not deliver the checks to the claimants here. The Russells had not required a contractor's bond under Title 14-2-2, Utah Code Annotated 1953.

Under the facts of this case the trial court gave judgment in favor of plaintiffs against the Russells, and in favor of Russells against Pacific Mutual for an identical amount, the Russells having joined Pacific Mutual as a Third Party Defendant.

Pacific Mutual appealed urging 1) insufficiency of evidence to support the judgment, 2) Deseret Construction was the agent of Russells, 3) that the court erred in refusing to adopt Pacific Mutual's proposed findings, conclusions and decree, and 4) in denying the motion for a new trial.

We think that the Court's own findings, conclusions and judgment were bottomed on sufficient competent, believable evidence as to require us to affirm the trial court under familiar principles relating to appellate review, and we so hold, which disposes of all points raised.

McDONOUGH, CROCKETT, WADE, and CALLISTER, JJ., concur.